UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TRAYVON RASEAN COTTON,

**VERIFIED COMPLAINT**

Plaintiff,

-against-

Civil Action No.:

UNITED STATES OF AMERICA,

Defendant.
-------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, ALEX YADGAROV & ASSOCIATES, P.C., as and for a Complaint herein, respectfully sets forth and brings this action against the Defendant, UNITED STATES OF AMERICA, for damages, and alleges as follows:

## JURISDICTION & VENUE

1.      This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of the United States Code (28 USC §§ 2671-2680). This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code 28 USC § 1346(b), as well as Section 1367(a) of Title 28 of the United States Code 28 USC§ 1367(a).

2.      Venue is proper in this District pursuant to 28 USC § 1402(b) because the acts and omissions complained of below occurred within this District.

3.      That by reason of the foregoing, this Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

4.      The cause of action arose in the County of Westchester, City of Mount Vernon and State of New York.

5.      At all times hereinafter mentioned, the plaintiff, TRAYVON RASEAN COTTON, was and still is a resident of Westchester County, City of Mount Vernon, and State of New York.

6.      Upon information and belief and at all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICA, is a sovereign body.

7.      That at all times hereinafter mentioned, the United States Postal Service (hereinafter "USPS") is a constituent department or body of the UNITED STATES OF AMERICA and is under the direction and control of the UNITED STATES OF AMERICA.

8.      That on or about July 9, 2025, plaintiff, TRAYVON RASEAN COTTON, did file with the aforesaid agency an SF-95 by certified mail, return receipt requested, for a claim for personal injury caused by the negligence, wrongful acts and/or omissions of the employees of the Government while acting within the course and scope of their authority and said claim was filed within two years from the date of the accident which gave rise to the claim pursuant to 28 U.S.C. §2401(b).

9.      More than six months have elapsed since the filing of the administrative claim and the claim has not been finally disposed of, thereby permitting this action pursuant to 28 U.S.C. §2675(a).

10.     That said claim has not been adjudicated or settled.

11.     That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, §1346(b), and other applicable statutes and precedents.

12.     That venue is proper under 28 U.S.C. §1402 as the events giving rise to the claim occurred within this judicial district.

## AS AND FOR THE FIRST CAUSE OF ACTION

13.     That on or about April 7, 2025, Plaintiff, TRAYVON RASEAN COTTON, was the driver of a 2011 Jeep motor vehicle, bearing New York license plate number, LSY8143, and hereinafter referred to as the "Jeep vehicle."

14.     That on or about April 7, 2025, Defendant, UNITED STATES OF AMERICA, was the registered owner of a USPS Motor vehicle, USPS truck number, 6422544, and hereinafter referred to as the "USPS vehicle."

15.     That on or about April 7, 2025, Defendant, UNITED STATES OF AMERICA, was the titled owner of the aforesaid USPS vehicle.

16.     That on or about April 7, 2025, Defendant, UNITED STATES OF AMERICA, was the lessee of the USPS vehicle.

17.     That on or about April 7, 2025, Defendant, UNITED STATES OF AMERICA, was the lessor of the USPS vehicle.

18.     That on or about April 7, 2025, Carlos M. Medina, was the operator of the USPS vehicle registered to and owned by Defendant, UNITED STATES OF AMERICA.

19.     That on or about April 7, 2025, Carlos M. Medina, was the operator of the USPS vehicle, titled to and owned by Defendant, UNITED STATES OF AMERICA.

20.     That on or about April 7, 2025, Carlos M. Medina, was the operator of the USPS vehicle.

21.     That on or about April 7, 2025, Carlos M. Medina, managed the aforesaid USPS vehicle.

22.     That on or about April 7, 2025, Carlos M. Medina, maintained the aforesaid USPS vehicle.

23.    That on or about April 7, 2025, Carlos M. Medina, controlled the aforesaid USPS vehicle.

24.    That on or about April 7, 2025, Carlos M. Medina, operated the aforesaid USPS vehicle with the knowledge of Defendant, UNITED STATES OF AMERICA, either express or implied.

25.    That on or about April 7, 2025, Carlos M. Medina, operated the aforesaid USPS vehicle with the permission of Defendant, UNITED STATES OF AMERICA, either expressed or implied.

26.    That on or about April 7, 2025, Carlos M. Medina, operated the aforesaid USPS vehicle within the scope of his employment with Defendant, UNITED STATES OF AMERICA.

27.    That at all times hereinafter mentioned, and on April 7, 2025, Carlos M. Medina, was and still is an employee of the Defendant, UNITED STATES OF AMERICA.

28.    That at all times hereinafter mentioned, and on April 7, 2025, Carlos M. Medina, was in the course of his employment with the defendant, UNITED STATES OF AMERICA.

29.    That at all times hereinafter mentioned, and on April 7, 2025, Carlos M. Medina, was operating the USPS Motor vehicle, USPS truck number, 6422544, while in the course of his employment with Defendant, UNITED STATES OF AMERICA.

30.    That at all times hereinafter mentioned, the location of 40 East 1st Street, in the County of Westchester, City of Mount Vernon and State of New York, was and still is a public roadway/highway and/or area accessible to the public, and is used extensively by the public in general.

31.    That on April 7, 2025, and at approximately 12:20 p.m., the aforesaid motor vehicles came into contact with each other at or near 40 East 1st Street, in the County of Westchester, City of Mount Vernon and State of New York.

32.    That on April 7, 2025, and at approximately 12:20 p.m., at the above-mentioned location, the aforesaid USPS vehicle owned by defendant, UNITED STATES OF AMERICA, and operated by, Carlos M. Medina, came into contact with the 2011 Jeep vehicle owned and operated by plaintiff, TRAYVON RASEAN COTTON.

33.    The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the Defendant, UNITED STATES OF AMERICA, it's agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicles, without any negligence, carelessness or recklessness on the part of the plaintiff contributing thereto.

34.    Plaintiff, TRAYVON RASEAN COTTON, was caused to sustain serious personal injuries solely as a result of the negligence of Defendant, UNITED STATES OF AMERICA, individually and/or jointly, their agents, servants, contractees, licensees and/or employees, in the ownership, operation, control, management, maintenance, repair, and supervision of their motor vehicle, without any fault of negligence on the part of any and all Plaintiff contributing thereto.

35.    Defendant, UNITED STATES OF AMERICA, was negligent, careless and reckless in the ownership, operation, control, maintenance, management, repair and supervision of their motor vehicle, and in violation of the applicable laws, statutes, rules, regulations, codes and ordinances of the County of Westchester, City of Mount Vernon; State of New York; the Vehicle and Traffic Laws of the State of New York, along with all other applicable laws,

-5-

statutes, rules, regulations, codes and ordinances that the Court will take judicial notice of at the time of trial.

36.    Defendant, UNITED STATES OF AMERICA, was negligent and careless in the ownership, use, operation, management, maintenance, supervision and control of the aforesaid USPS motor vehicle. Defendant was otherwise negligent and careless under the circumstances then and there prevailing. The aforementioned occurrence and Plaintiff's serious injuries and resultant damages, were caused jointly and/or severally by the negligence of the Defendant, UNITED STATES OF AMERICA, in the ownership, use, operation, management, maintenance and control of the respective USPS vehicle; to wit: in negligently and carelessly operating said USPS vehicle at the excessive rate of speed; in failing to keep proper lookout for traffic conditions then presenting; in failing to keep proper and safe distance; in failing to operate said vehicle in accordance with and pursuant to the rules of the road; in disregarding traffic regulatory devices including but not limited to traffic signs, controls and speed limits; in failing to keep said vehicle under proper control; in causing and permitting the said USPS vehicle to be operated over and along the aforedescribed public highways at an excessive rate of speed and/or at a greater speed than care and caution would permit under the circumstances and conditions then existing to the knowledge of the Defendant; in operating said vehicle in a manner contrary to and in violation of the laws, statutes, ordinances, rules, and regulation of the State of New York, including but not limited to the New York State Vehicle and Traffic Law and Chapter 34 of the Rules & Regulations New York ["Traffic Rules and Regulations"]; in failing to make timely and proper use of adequate brakes, turning signal devices and steering mechanisms; in failing to check and properly regulate the speed of the aforesaid vehicle so as to unnecessarily and carelessly expose Plaintiff, to foreseeable injuries and harm; in operating said vehicle in such a negligent and/or

-6-

reckless manner so as to precipitate the complained of accident to occur without any contribution on the part of the Plaintiff thereto whatsoever; and in otherwise being careless and negligent in the ownership, use, operation, management, maintenance, supervision and control of the Defendant's vehicle in contravention of the laws and rules of the State of New York, thereby substantially causing serious injury to plaintiff, TRAYVON RASEAN COTTON.

37.     Defendant, UNITED STATES OF AMERICA, violated all applicable sections of the New York State Vehicle and Traffic Law concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York including but not limited to Vehicle and Traffic Law Sections 375, 376, 382-b, 1101, 1102, 1105, 1110, 1111, 1113, 1115, 1116, 1117, 1120, 1121, 1122, 1123, 1124, 1125, 1126, 1127, 1128, 1129, 1130, 1140, 1141, 1142, 1143, 1144, 1145, 1146, 1160, 1161, 1162, 1163, 1164, 1166, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1180, 1180-a, 1181, 1182, 1192, 1200, 1201, 1202, 1203, 1203-b, 1210, 1211, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220, 1220-a, 1221, 1222, 1223, 1225, 1225-a, 1225-d, 1226, 1227, 1228, 1229, 1229-b, 1229-c, 1250, 1251, 1252, and 1253 of the Vehicle and Traffic Law of the State of New York, along with all other applicable Statutes, Ordinances, Rules and Regulations.

38.     That as a proximate cause or substantial factor of the above negligent and reckless acts and omissions and/or statutory negligence of the Defendant, UNITED STATES OF AMERICA, the plaintiff, TRAYVON RASEAN COTTON, was caused to sustain "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York, in that Plaintiff sustained: a fracture and/or a significant disfigurement; a permanent loss of use of a body organ or a member, function and/or a significant limitation of use of a body function and/or system and/or medically determined injury or impairment of non-permanent nature which

prevents him from performing substantially all of the material acts which constitutes the usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the occurrences of the injury or impairment.

39.    That by reason of the negligence of the Defendant, UNITED STATES OF AMERICA, Plaintiff, TRAYVON RASEAN COTTON sustained serious personal injuries that required medical treatment, medication, rehabilitation and other medical services. In addition, Plaintiff was caused to suffer great physical pain, shock and mental anguish; and, that Plaintiff's injuries and their effects and residual consequences, upon information and belief, are permanent in nature and have been and shall continue to be in the future the cause of physical pain and mental anguish.

40.    That as a direct result of the aforementioned occurrence, Plaintiff, TRAYVON RASEAN COTTON, sustained economic loss greater than basic economic loss as defined by Section 5104 of the Insurance Law of the State of New York, in that, all hospital and medical bills unpaid by no-fault insurance and/or resulting medical liens incurred as a consequence of the complained of accident were and are claimed as special damages by the Plaintiff and upon information and belief, the injured Plaintiff shall continue to require medical care and therapy in the future, and accordingly shall become liable for such future medical expense for an indefinite period of time into the future.

41.    That by reason of the foregoing, Plaintiff, TRAYVON RASEAN COTTON, has been unable to attend to his usual and daily occupation, duties and activities in the manner required.

42.    That by reason of the foregoing, Plaintiff, TRAYVON RASEAN COTTON, was compelled to, and did necessarily, require medical aid and attention, and did necessarily expend

sums of money and become liable therefore for hospital, surgical and medical care, treatment and medicines; and Plaintiff, TRAYVON RASEAN COTTON, will necessarily incur similar expenses; and said loss continues to date.

43. That by reason of the negligence of the Defendant, UNITED STATES OF AMERICA, Plaintiff, TRAYVON RASEAN COTTON, was personally injured, incurred expenses for hospital, surgical and medical care, treatment and medicines, and was prevented from performing his usual and customary duties, activities and occupation.

44. That as a result of the foregoing, Plaintiff, TRAYVON RASEAN COTTON, has sustained a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined by Section 5102(d) of the Insurance Law of the State of New York.

45. That by reason thereof, Plaintiff, TRAYVON RASEAN COTTON, is entitled to recover for non-economic loss and for all economic losses sustained.

46. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

47. That at all times hereinafter mentioned, Plaintiff, TRAYVON RASEAN COTTON, was wearing a seat belt and was in compliance with the New York State Vehicle and Traffic Law Section 1229-c.

48. That Plaintiff, TRAYVON RASEAN COTTON, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

49.     That by reason of the foregoing, Plaintiff, TRAYVON RASEAN COTTON, was damaged in sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR SECOND CAUSE OF ACTION

50.     Plaintiff, TRAYVON RASEAN COTTON, repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

51.     That at all times mentioned herein, it was the duty of the Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

52.     That at all times mentioned herein, it was the duty of the Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

53.     That by reason of the negligence of Defendant, UNITED STATES OF AMERICA, its servants, agents and/or employees, in negligently entrusting its motor vehicle to Defendant operator, CARLOS M. MEDINA, Plaintiff, TRAYVON RASEAN COTTON, was caused to suffer severe injuries and damage, without fault or want of care on the part of Plaintiff in any way contributing thereto, thereby causing him extreme physical,

mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

54.     That at all times hereinafter mentioned, including April 7, 2025, and prior thereto, defendant, UNITED STATES OF AMERICA, hired and/or retained Carlos M. Medina, and entrusted to operate and control the aforesaid USPS vehicle bearing USPS truck number, 6422544.

55.     That at all times hereinafter mentioned, including April 7, 2025, and prior thereto, Carlos M. Medina, was inexperienced, incompetent, unfit or otherwise unsuited for the operation and control of the said USPS vehicle.

56.     That the defendant, UNITED STATES OF AMERICA, knew or had reason to know that, because of Carlos M. Medina's inexperience, incompetence, unfitness or other condition or quality, his operation, control or use of the aforesaid USPS vehicle posed an unreasonable risk of physical harm to others, including Plaintiff herein, whom defendant, UNITED STATES OF AMERICA, should have expected to be endangered by Carlos M. Medina's operation, control or use of the aforesaid USPS vehicle at the aforesaid location.

57.     That on April 7, 2025, and at approximately 12:20 p.m., the aforesaid USPS vehicle owned, controlled, inspected, maintained and repaired by defendant, UNITED STATES OF AMERICA, was caused, permitted, enabled and/or entrusted to be operated, controlled or used by Carlos M. Medina, at or near 40 East 1st Street, County of Westchester, City of Mount Vernon and State of New York.

58.     That on April 7, 2025, and at approximately 12:20 p.m., at the above-mentioned location, the aforesaid USPS vehicle owned by defendant, UNITED STATES OF AMERICA,

and operated by Carlos M. Medina, came into contact with the 2011 Jeep vehicle owned and operated by plaintiff, TRAYVON RASEAN COTTON.

59.    That as a proximate cause of the aforesaid contact, Plaintiff, TRAYVON RASEAN COTTON, was seriously injured and suffered significant damages.

60.    That as a direct and proximate cause of the negligent entrustment by defendant-employer, UNITED STATES OF AMERICA, of the aforesaid USPS vehicle to employee, Carlos M. Medina, for his operation, control, and/or use of said USPS vehicle at the aforesaid location, Plaintiff, TRAYVON RASEAN COTTON, was caused to sustain serious injuries and was caused to suffer great physical pain, shock and mental anguish; and that these injuries and their effects, upon information and belief, are permanent.

61.    That as a result of said injuries, plaintiff, TRAYVON RASEAN COTTON, has been caused to incur, and will, upon information and belief, continue to incur expenses for medical care, surgeries and rehabilitation; as a result of said injuries, Plaintiff, TRAYVON RASEAN COTTON, was and has been unable to perform his usual occupations and activities, and as a further result, Plaintiff, TRAYVON RASEAN COTTON, was and will continue to be, rendered unable to perform his normal daily activities and duties as he could prior to the complained of accident.

62.    That no negligence on the part of the Plaintiff, TRAYVON RASEAN COTTON, contributed to the occurrence alleged herein in any manner whatsoever.

### ARTICLE 16 EXCEPTIONS

63.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

64.    Pursuant to CPLR §1602(2)(iv), Defendant, UNITED STATES OF AMERICA, is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's

non-economic loss, irrespective of the conditions of CPLR §1601, by reason of the fact that defendant owed plaintiff a non-delegable duty of care.

65. Pursuant to CPLR §1602(7), Defendant, UNITED STATES OF AMERICA, is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the conditions of CPLR §1601, by reason of the fact that defendant acted with reckless disregard for the safety of others.

66. Pursuant to CPLR §1602(2)(iv), Defendant, UNITED STATES OF AMERICA, is jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the conditions of CPLR §1601, by reason of the fact that defendant is vicariously liable for the negligent acts and omissions of each other or others who caused or contributed to plaintiff's damages.

**WHEREFORE,** plaintiff demands judgment against the defendant in a sum of TEN MILLION ($10,000,000.00) DOLLARS, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: Rosedale, NY
      March 12, 2026

Yours, etc.
**ALEX YADGAROV & ASSOCIATES, P.C.**

BY: _____
**ALEX YADGAROV, ESQ. (AY3458)**
Attorney for Plaintiff
**TRAYVON RASEAN COTTON**
One Cross Island Plaza, Suite 203
Rosedale, NY 11422
(718) 276-2800
Our File No.: 231-25-157

Civil Action No.:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

======================================================================

TRAYVON RASEAN COTTON,

*Plaintiff*,

-against-

UNITED STATES OF AMERICA

*Defendant*.

======================================================================

## VERIFIED COMPLAINT

======================================================================

**ALEX YADGAROV & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**TRAYVON RASEAN COTTON**
One Cross Island Plaza, Suite 203
Rosedale, NY 11422
(718) 276-2800
Our File No.: 231-25-157

**TO:**    United States Department of Justice
Attn: Attorney General for the United States
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

United States Attorney's Office for the Southern District of New York
Attn: Civil Process Clerk
86 Chambers Street, 3rd Floor
New York, NY 10007

United States Postal Service
Attn: General Counsel
475 L'Enfant Plaza SW
Washington, DC 20260

-14-